UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.A.,<br><br>*Plaintiff,*<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>*Defendants*. | No. 25-cv-03671 (DLF) |

**ORDER**

    The *pro se* plaintiff brings this action against the Islamic Republic of Iran and affiliated entities and individuals under the Foreign Sovereign Immunities Act's terrorism exception, 28 U.S.C. § 1605A. Before the Court are the plaintiff's Sealed Motion to Seal the Complaint and Exhibits, Dkt. 6, and Sealed Motion to Proceed Under Pseudonym, Dkt 8. For the following reasons, the Court will grant the motions.

    The plaintiff filed his complaint on the public docket and included a paragraph requesting that "this complaint and all attachments be filed under seal." Compl. 5, Dkt. 1. This unredacted complaint includes the plaintiff's full name, address, and contact information. Attached to the complaint are documents containing sensitive personal information about the plaintiff. Upon reviewing the complaint, the Court ordered him to file a motion to seal that provided reasons for the request and a redacted version of the complaint. *See* Minute Order of Nov. 26, 2025. The plaintiff filed his motions together with a redacted version of his complaint that omits his personal information and uses the pseudonym "A.A." *See* Redacted Compl., Dkt. 7.

    "Generally, a complaint must identify the plaintiffs." *Ellison v. Islamic Republic of Iran*, No. 25-cv-2250, 2025 WL 2049266, at *1 (D.D.C. July 22, 2025) (citing Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1)). "A party moving to proceed pseudonymously thus 'bears the weighty burden of both demonstrating a concrete need for such secrecy[ ] and identifying the consequences that would likely befall it if forced to proceed in its own name.'" *Id.* (quoting *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020)). The Court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure' by applying a 'flexible and fact driven' balancing test." *Id.* (quoting *In re Sealed Case*, 971 F.3d at 326). The Court considers five factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at *1–2 (quoting *In re Sealed Case*, 971 F.3d at 326–27).

At least at this early stage, the plaintiff has met his burden to proceed under pseudonym. His redacted complaint alleges that the plaintiff is a "long-term target of Iran-backed militias"; that at least two of his family members have already been killed by militias affiliated with the defendants; and that the plaintiff received threats from these militias, which forced him to flee to the United States. *See* Redacted Compl. 2–3. In his sealed motions, the plaintiff further alleges that he and his family have faced "[r]etaliatory threats from Iran-backed militias directly named in the Complaint"; that he has been directly targeted for assassination; and that public disclosure of his identity would allow the defendants to "identify, locate, or retaliate against" his family members living abroad. Mot. to Proceed Under Pseudonym, Dkt 8. Because revealing the plaintiff's actual identity could expose him and his family to grave physical harm, factors one and

two weigh in favor of allowing the plaintiff to proceed under pseudonym.  *See Ellison*, 2025 WL 2049266, at *2; *see also Doe v. U.S. Dep't of State*, No. 15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015).[1]

Factors four and five also lean in favor of anonymity.  "[N]o heightened public interest attaches here because nothing about the nature of these proceedings creates any need for transparency with respect to" the plaintiff's identity or contact information, and "anonymity appears to be necessary to provide" the plaintiff with an "opportunity" to "vindicate" his rights. *Ellison*, 2025 WL 2049266, at *2 (§ 1605A suit against Iran); *see also Doe 1 v. Islamic Republic of Iran*, No. 20-cv-3043, 2020 WL 13992410, at *3 (D.D.C. Oct. 23, 2020) ("Plaintiffs' suit against a foreign government does not have the heightened public interest that comes with a suit against the United States government.").  Finally, there is little "risk of unfairness" at this early stage because the defendants have yet to appear in this case and will remain "free to move for the disclosure of any information [they] deem[] necessary to the full and fair defense of the case." *Ellison*, 2025 WL 2049266, at *3; *see also Doe 1*, 2020 WL 13992410, at *3 ("In actions like this one against Iran, the named defendant rarely responds, so any unfairness is quite unlikely.").

Balancing these factors, the Court will take the plaintiff's allegations "at face value" for now and allow him to proceed under pseudonym.  *Doe 1 v. Islamic Republic of Iran*, No. 20-cv-3043, 2020 WL 13992409, at *2 (D.D.C. Nov. 2, 2020).  But as this case unfolds, the Court may require additional evidence "to substantiate [his] claims" about the need for anonymity, *id.*, and may eventually require the plaintiff to reveal his identity to the defendants under seal, *see Ellison*, 2025 WL 2049266, at *3; *In re Sealed Case*, 971 F.3d at 326 n.1 ("When pseudonymous status

---

[1] It is not apparent from the plaintiff's filings whether any of his family members are minors, so, without more, factor three leans toward disclosure.  *See Ellison*, 2025 WL 2049266, at *2.

hides the suing party's identity from the defendant, that lack of openness can implicate significant due process concerns.  In such a case, a court ruling on a request to proceed anonymously should take into account the risk of unfairness to the opposing party.  And if proceeding pseudonymously is allowed, the court must provide appropriate procedures to ensure full fairness in the process." (citation modified)).

As to the plaintiff's motion to seal his unredacted complaint, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016).  In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit "identified six factors that might act to overcome this presumption: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22).

Upon consideration of the six *Hubbard* factors and for the same reasons provided above, the Court finds that the unredacted complaint and its attachments may be filed under seal.  The plaintiff has filed a redacted complaint on the public docket, which omits personal information and sensitive documents about his identity and medical condition.  This omitted material may be filed under seal.  *See Doe v. [Redacted]*, No. 19-cv-03266, 2019 WL 13254364, at *3 (D.D.C. Oct. 30, 2019) ("[I]f the motion to seal the complaint were denied, granting the plaintiff permission to proceed under pseudonym would be rendered useless.").

For the above reasons, it is

**ORDERED** that the plaintiff's Sealed Motion to Seal the Complaint and Exhibits, Dkt. 6, and Sealed Motion to Proceed Under Pseudonym, Dkt. 8, are **GRANTED**. The Clerk of Court shall file the plaintiff's unredacted Complaint, Dkt. 1, under seal. The Court, the Clerk's Office, and all parties shall use the pseudonym listed in the redacted Complaint, Dkt. 7, on the docket sheet and in all documents filed in this action.

                                                                                                                                         _____
                                                                                                                  DABNEY L. FRIEDRICH
                                                                                                                   United States District Judge

December 15, 2025